IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JONATHAN LEE RICHES,

Plaintiff,

v.

MARK McGWIRE,

Defendant.

No. C 07-6157 MJJ (PR)

**ORDER OF DISMISSAL**

Plaintiff, a federal prisoner proceeding pro se, filed this pro se complaint under 42 U.S.C. § 1983 against Mark McGwire ("McGwire").

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff alleges that McGwire cheated at baseball by taking steroids, lied to Congress, and

United States District Court
For the Northern District of California

that he "took away parole in the federal system." As McGwire is a private individual, he does not act under color of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974). Accordingly, plaintiff has failed to state a cognizable claim for relief under § 1983.

For the foregoing reasons, this action is DISMISSED.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: December 21, 2007

MARTIN J. JENKINS
United States District Judge